**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
LILACH HALPERIN (SBN 323202)
*lilach@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
***Attorneys for Plaintiff and the Proposed Class***

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA MCCONNELL, on behalf of herself, all others similarly situated, and the general public,<br><br>                    Plaintiff,<br><br>        v.<br><br>SIX FLAGS ENTERTAINMENT CORPORATION and MAGIC MOUNTAIN LLC.,<br><br>                    Defendants. | Case No: 2:20-cv-3665<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Sophia McConnell ("Plaintiff"), on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby sues Defendants SIX FLAGS ENTERTAINMENT CORPORATION ("SIX FLAGS") and MAGIC MOUNTAIN, LLC ("MAGIC MOUNTAIN") (collectively, "Defendants") and, upon information and belief and investigation of counsel, alleges as follows:

## I.     <u>INTRODUCTION</u>

1.     Defendants own and operate Six Flags branded amusement parks and waterparks, and Hurricane Harbor waterparks located in California and throughout the United States.

2.     Defendants offer Monthly Memberships, Season Passes, and Single-Day Tickets for visitors to enter the parks.

3.     Defendants offer several tiers of Monthly Memberships, including a Diamond Elite Membership, Diamond Membership, Platinum Membership, and Gold Plus Membership.

4.     Monthly Memberships may only be cancelled after an initial twelve (12) months.

5.     Customers who purchase Monthly Memberships receive unlimited visits to Six Flags branded amusement parks and water parks, and Hurricane Harbor waterparks throughout California and the United States.

6.     Defendants offer several tiers of Seasons Passes, including a Regular Season Pass, Gold Season Pass, and Two-Park Season Pass.

7.     Customers who purchase Regular or Gold Seasons Passes receive unlimited visits to all Six Flags branded theme parks.

8.     Customers who purchase Two-Park Season Passes receive unlimited visits to all Six Flags branded theme parks and select waterparks, including Six Flags Hurricane Harbor, a waterpark in Los Angeles, California.

9.     Members are charged monthly membership fees for Seasons Passes and

Monthly Memberships.[1]

10.     Customers sign up for Memberships with a credit card, debit card, or Paypal account, which Defendants automatically charge every month.

11.     On March 13, 2020, Defendants announced that all Six Flags theme parks and Hurricane Harbor waterparks would be closed through March 2020 due to public health concerns in the wake of the coronavirus pandemic.

12.     On March 30, 2020, Defendants extended the closure of all Six Flags theme parks and Hurricane Harbor waterparks through mid-May 2020 due to public health concerns in the wake of the coronavirus pandemic.

13.     Defendants continued charging Monthly Membership and Season Pass holders monthly membership fees, even though members were and are unable to access any of the Six Flags theme parks or Hurricane Harbor waterparks.

14.     Plaintiff brings this action challenging Defendants' practice of charging members monthly membership fees for access to theme parks and waterparks that are closed.

15.     Plaintiff brings this action on behalf of herself and all other similarly situated consumers in the United States, alleging violations of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*. ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. ("UCL"), and False Advertising Law, §§ 17500 *et seq*. ("FAL"). Plaintiff brings further causes of action for breach of express and implied warranties, negligent misrepresentation, unjust enrichment, conversion, and breach of contract.

16.     Plaintiff seeks an order compelling Defendants to (a) provide refunds to members, (b) restore the amounts by which they have been unjustly enriched, and (c) pay restitution damages and punitive damages, as allowed by law.

---

[1] Customers may elect to pay for Seasons Passes in full.

## II.     JURISDICTION AND VENUE

17.     This Court has original jurisdiction under 28 U.S.C. §1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and because more than two-thirds of the members of the Class reside in states other than the states of which Defendants are citizens.

18.     The court has general and personal jurisdiction over Defendant Magic Mountain, LLC, because it is a California limited liability company with its principal place of business in California. Defendant Magic Mountain has purposely availed itself of the benefits and privileges of conducting business activities within California, and consented to personal jurisdiction by registering to do business in California.

19.     The Court has personal jurisdiction over Defendant Six Flags Entertainment Corporation because it conducts substantial business within California such that Defendant has significant and continuous contacts with the State of California, and a substantial part of the events giving rise to the claims herein occurred in California.

20.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this District. Defendants conduct substantial business and/or committed violations of law in the Los Angeles County. Plaintiff resides in this District and signed up for a Monthly Membership in this District.

## III.     PARTIES

21.     Defendant Six Flags Entertainment Corporation is a Delaware corporation with its principal place of business at 924 Avenue J East, Grand Prairie, Texas, 75050. Defendant Six Flags Entertainment Corporation is a regional theme park company that operates the Six Flags amusement parks and Hurricane Harbor waterparks in North America.

22.     Defendant Magic Mountain, LLC, is a California limited liability company with its principal place of business in 26101 Magic Mountain Parkway, Valencia, California, 91355. Defendant Magic Mountain is registered to do business in California as entity number 100631810093. Defendant Magic Mountain owns and operates the Six Flags Magic Mountain amusement park in Los Angeles, California.

23.     Plaintiff Sophia McConnell ("Plaintiff") is a resident of Contra Costa County, California and purchased a Monthly Membership during the Class Period defined herein. Plaintiff McConnell is a current Monthly Membership holder and is charged approximately $58.00 each month for her Membership. Plaintiff has been a Member since approximately April of 2019. Plaintiff McConnell purchased the Membership for the purpose of visiting Defendants' theme parks, including the Six Flags Magic Mountain theme park located in Los Angeles County, California. On March 13, 2020, Defendants closed all Six Flags branded parks and Hurricane Harbor waterparks, including the Six Flags Magic Mountain theme park. However, on approximately April 5, 2020, Defendants charged Plaintiff's credit card in the full amount of her monthly membership fee, even though Defendant has barred Plaintiff from visiting any of the Six Flags amusement parks. Plaintiff would not have paid for the Membership, or would not have paid for it on the same terms, had she known that she would not have access to the theme parks and waterparks during this time.

## IV.    NATURE OF THE ACTION

24.     On March 13, 2020, Six Flags Magic Mountain announced that it was temporarily suspending business operations until the end of March 2020, and would re-evaluate the COVID-19 situation at that time.[2]

25.     On March 30, 2020, Six Flags Entertainment Corporation announced

---

[2]     https://www.ktnv.com/news/national/coronavirus/six-flags-magic-mountain-announces-temporary-closure

that all of the company's parks would remain closed until at least mid-May of 2020.[3]

**A.    Defendants' Sale and Marketing of Monthly Memberships and Seasons Passes**

26.    Plaintiff and the proposed Class members are all purchasers of Defendants' Monthly Memberships or Season Passes ("Memberships" or "Membership Passes").

27.    Defendants have distributed, marketed, and sold the Membership Passes on a Nationwide basis, including California, for at least the past several years.

28.    Defendants market and advertise the Memberships as ways to save money through "unlimited visits" to Six Flags branded theme parks and waterparks.

29.    The Memberships are also advertised as containing additional benefits, such as free parking, free line-skipping, or deals on dining – all of which must be utilized at the parks.

30.    Membership holders cannot take advantage of "unlimited visits" or additional benefits without access to the parks.

31.    In short, the Memberships are rendered worthless if members cannot access the parks.

**B.    Plaintiff's Purchase, Reliance, and Injury**

41.    During the class period, Plaintiff Sophia McConnell signed up for a $58.00 Monthly Membership in reliance on Defendants' claims that she would receive "unlimited visits" to Six Flags branded theme parks.

42.    In order to sign up for a Membership, Plaintiff was required to provide her credit card information to Defendants, and pay a monthly membership fee.

43.    Prior to and upon purchasing a Membership, Plaintiff relied upon Defendants' advertising that Plaintiff would receive "unlimited visits" to the Six Flags branded amusement parks.

---

[3]    https://investors.sixflags.com/news-and-events/press-releases/2020/03-30-2020-161511960

44.     As a result of COVID-19, Defendants suspended operations of all Six Flags branded theme parks and Hurricane Harbor waterparks until at least mid-May.

45.     However, Defendants continued to charge Plaintiff and all other members monthly membership fees.

46.     The Memberships, which are solely intended as a means to provide access to the parks, are worthless since they are incapable of providing access to the parks.

47.     Plaintiff would not have purchased a Membership from Defendants, or would not have purchased a Membership on the same terms, had she known that she would not be able to access the parks during this time.

48.     Plaintiff is losing money as a result of Defendants' unlawful conduct, in that she is not receiving what she paid for when purchasing the Membership.

## V.     CLASS ACTION ALLEGATIONS

49.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks certification of the following Classes (or alternative Classes or Subclasses), for the time period from when Defendants' theme parks and waterparks were closed as a result of COVID-19 ("Class Period"), defined as follows:

**The Nationwide Class is defined as follows**:

All U.S. citizens who were charged fees for Monthly Memberships or Season Passes in their respective state of citizenship during the Class Period.

**The California sub-class is defined as follows**:

All California citizens who were charged fees for Monthly Memberships or Seasons Passes during the Class Period.

50.     The Classes and Subclasses described in this complaint will jointly be referred to as the "Class" or the "Classes" unless otherwise stated, and the proposed members of the Classes and Subclasses will jointly be referred to as "Class Members."

51.     Plaintiff and the Class reserve their right to amend or modify the Class definitions with greater specificity or further division into subclasses or limitation to particular issues as discovery and the orders of this Court warrant.

52.     Excluded from the Class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, Defendants' employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated companies, including all parent companies, and their employees; and the judicial officers, their immediate family members and court staff assigned to this case.

53.     The members in the proposed Class are so numerous that individual joinder of all members is impracticable. Due to the nature of the trade involved, however, Plaintiff believes the total number of Class members is at least in the hundreds and members of the Classes are numerous. While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

54.     Pursuant to Rule 23(b)(2), Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief and damages appropriate with respect to the Classes as a whole. In particular, Defendants have wrongfully charged members for Memberships, while barring members' access to Defendants' parks and waterparks.

55.     There is a well-defined community of interest in the questions of law and fact involved, affecting the Plaintiff and the Classes and these common questions of fact and law include, but are not limited to, the following:

a.     Whether Defendants engaged, and continue to engage, in unfair or deceptive acts and practices in connection with the charging of Membership fees during this time;

b.  Whether Defendants breached their contracts with Monthly Membership and Season Pass holders;

c.  Whether Defendants' conduct constitutes a breach of express warranties;

d.  Whether Defendants' conduct constitutes a breach of implied warranties;

e.  Whether Defendants' conduct violates public policy;

f.  Whether the Class is entitled to restitution, actual damages, punitive damages, injunctive relief, and attorneys' fees and costs;

g.  The proper injunctive relief;

h.  The proper amount of attorneys' fees; and

i.  Whether members of the Class are entitled to any such further relief as the Court deems appropriate.

56.  These common questions of law and fact predominate over questions that affect only individual Class Members.

57.  Plaintiff's claims are typical of Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Defendants' conduct. Specifically, all Class Members, including Plaintiff, were charged membership fees despite being barred from entry into Defendants' theme parks and waterparks, and suffered economic injury as a result. Absent Defendants' business practice of advertising the Memberships as providing "unlimited visits" to the parks, Plaintiff and Class Members would not have purchased the Memberships.

58.  Plaintiff will fairly and adequately represent and protect the interests of the Classes, has no interests incompatible with the interests of the Classes, and has retained counsel with substantial experience in handling complex class action litigation in general.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the financial resources to do so.

59.    Plaintiff and the members of the Classes suffered, and will continue to suffer harm as a result of the Defendants' unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.   Individual joinder of all members of the Classes is impracticable.   Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all Class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class members.  Furthermore, for many, if not most, a class action is the only feasible mechanism that allows an opportunity for legal redress and justice.

60.    Adjudication of individual Class members' claims with respect to Defendants would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other class members to protect their interests.

61.    Defendants have acted on grounds applicable to the Class, thereby making appropriate final injunctive and declaratory relief concerning the Class as a whole.

62.    As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**Violations of the Unfair Competition Law,**

**Cal. Bus. & Prof. Code §§ 17200 *et seq*.**

63.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

64.     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, proscribes acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."

65.     For the reasons discussed above, Defendants have engaged in unfair, deceptive, untrue and misleading advertising, and continue to engage in such business conduct, in violation of the UCL.

**Fraudulent**

66.     A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

67.     As set forth herein, Defendants' advertising that their amusement parks would be available to visitors year-round, and that members would have "unlimited" access to the parks upon signing up and paying for a Membership or Season Pass. This advertising is likely to mislead reasonable consumers because Defendant suspended park operations and closed all parks and waterparks, while continuing to charge members monthly fees.

68.     Plaintiff and Class Members acted reasonably when they purchased Monthly Memberships and Season Passes based on the belief that they would only be charged fees when Defendants' parks were open and accessible.

69.     Defendants' conduct caused and continues to cause substantial injury to Plaintiff and the other Class members. Plaintiff has suffered injury in fact as a result of Defendants' unfair conduct. Defendants have thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling Plaintiff and the Class to injunctive relief against Defendants, as set forth in the Prayer for Relief.

70.     Pursuant to Business and Professions Code §17203, Plaintiff and the

Class seek an order requiring Defendants to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring Defendants to provide refunds to all members who were wrongfully charged.

71.     Plaintiff also seek an order for the disgorgement and restitution of all monies gained from the wrongful charging of membership fees when the parks were closed, which was unjustly acquired through acts of unlawful, unfair, and/or fraudulent competition.

## **Unlawful**

72.     The acts alleged herein are ''unlawful'' under the UCL in that they violate at least the following laws:

a.     By knowingly and intentionally charging Plaintiff and other Class Members monthly membership fees despite barring Plaintiff and Class Members from entry into the parks and waterparks;

b.     By engaging in the conduct giving rise to the claims asserted in this complaint;

c.     By breaching its contracts with Monthly Membership and Season Pass holders;

d.     By violating California Civil Code §§ 1709-1711 by making affirmative misrepresentations about the Product;

e.     By violating the California Commercial Code for breach of express warranties;

f.     By violating the California Commercial Code for breach of implied warranties;

g.     By violating the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq*.;

h.     By violating the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq*..

73.     Such conduct is ongoing and continues to this date.

74.     Plaintiff and the Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices.

75.     Defendants' acts, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.   In the alternative, Defendants' business conduct as described herein violates relevant laws designed to protect consumers and business from unfair competition in the marketplace.   Such conduct is ongoing and continues to date.

76.     Defendants' conduct with respect to the charging of monthly membership fees while suspending business operations was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the Consumers Legal Remedies Act and the False Advertising Law.

77.     Defendants' conduct with respect to the wrongful charging of monthly membership fees was and is also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided.

78.     Defendants profited from charging members monthly fees to customers who were unable to access the parks.

79.     Plaintiff and Class Members are likely to continue to be damaged by Defendants' wrongful practices, because Defendants continue to charge customers monthly fees even though the parks are closed. Thus, injunctive relief enjoining Defendants' wrongful practices is proper.

80.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein.

## SECOND CAUSE OF ACTION

### Violations of the False Advertising Law,

### Cal. Bus. & Prof. Code §§ 17500 *et seq*.

81.  Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

82.  It is unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

41.  As alleged herein, the advertisements, policies, acts, and practices of Defendants relating to the Memberships and fees misled customers acting reasonably.

42.  Plaintiff has standing to pursue this claim because Plaintiff has suffered injury in fact as a result of Defendants' actions as set forth herein.  Specifically, prior to the filing of this action, Plaintiff was charged a monthly fee for her Membership, which she purchased in reliance on Defendants' false and misleading claims that the parks would be accessible year-round and that Plaintiff would receive "unlimited visits" to the parks with a purchase of a Membership.

43.  Defendants' business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendants have advertised the Memberships in a manner that is untrue and misleading, which Defendants knew or reasonably should have known, and omitted material information from its advertising.

44.  Defendants profited from its sale of the falsely and deceptively advertised Memberships to customers who did not know that Defendants would continue charging them fees for monthly memberships that were unusable as a result of park closures.

45.  As a result, Plaintiff, the Class, and the general public are entitled to

1  injunctive and equitable relief, restitution, and an order for the disgorgement of the
2  funds by which Defendants were unjustly enriched.

3       46.    Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of
4  herself and the Class, seeks an order enjoining Defendants from continuing to
5  engage in deceptive business practices, false advertising, and any other act
6  prohibited by law, including those set forth in this Complaint.

7  <strong><u>THIRD CAUSE OF ACTION</u></strong>
8  <strong>Violations of the Consumer Legal Remedies Act,</strong>
9  <strong>Cal. Civ. Code §§ 1750 <em>et seq</em>.</strong>

10       47.    Plaintiff realleges and incorporates the allegations elsewhere in the
11  Complaint as if set forth in full herein.

12       48.    The CLRA prohibits deceptive practices in connection with the conduct
13  of a business that provides goods, property, or services primarily for personal,
14  family, or household purposes.

15       49.    Defendants' policies, acts, and practices were designed to, and did,
16  induce the purchase and use of the Memberships for personal, family, or household
17  purposes by Plaintiff and Class Members, and violated and continue to violate  the
18  following sections of the CLRA:

19      a.    § 1770(a)(5): representing that goods have characteristics, uses, or
20             benefits which they do not have;

21      b.    § 1770(a)(7): representing that goods are of a particular standard,
22             quality, or grade if they are of another;

23      c.    § 1770(a)(9): advertising goods with intent not to sell them as
24             advertised; and

25       50.    Defendants profited from charging members monthly fees despite
26  barring customers from access to the parks.

27       51.    Defendants' wrongful business practices constituted, and constitute, a
28  continuing course of conduct in violation of the CLRA.

1   52.   Plaintiff seeks injunctive relief for Defendants' violations of the CLRA.

2   53.   Plaintiff will send a CLRA notice letter to Defendants that complies

3   with California Civil Code § 1782(a). If Defendants fail to take the corrective action

4   detailed in Plaintiffs' forthcoming CLRA letter within the due date of the letter, then

5   Plaintiff will seek leave to amend her complaint to add a claim for damages under

6   the CLRA.

7   ## FOURTH CAUSE OF ACTION

8   ### Breach of Express Warranties,

9   ### Cal. Com. Code § 2313(1)

10   54.   Plaintiff realleges and incorporates the allegations elsewhere in the

11   Complaint as if set forth in full herein.

12   55.   Through Defendants' website, Defendants made affirmations of fact or

13   promises which were "part of the basis of the bargain," in that Plaintiff and the Class

14   purchased the Memberships in reasonable reliance on those statements. Cal. Com.

15   Code § 2313(1).

16   56.   Specifically, Defendants expressly warranted that the parks would be

17   accessible year-round and that members would have "unlimited visits" to the parks

18   with the purchase of a Membership.

19   57.   The foregoing representations were material and were a substantial

20   factor in causing the harm suffered by Plaintiff and the Class.

21   58.   These representations had an influence on consumers' decisions in

22   purchasing the Memberships.

23   59.   Defendants made the above representations to induce Plaintiff and the

24   members of Class to purchase the Memberships. Plaintiff and the Class members

25   relied on the representations when purchasing Defendants' Memberships.

26   60.   Defendants breached the express warranties by charging their members

27   monthly memberships fees despite closing all of their parks and waterparks.

28   61.   That breach actually and proximately caused injury in the form of the

lost purchase price that Plaintiff and Class members are being charged for their Membership during this time.

### FIFTH CAUSE OF ACTION

**Breach of Implied Warranties,**

**Cal. Com. Code § 2314**

62.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

63.     Defendants, through their acts as set forth herein, in the sale, marketing, and promotion of the Memberships, made representations to Plaintiff and the Class that, among other things, they would be charged for Memberships that permitted "unlimited visits" to Six Flags branded theme parks.

64.     Plaintiff and the Class signed up and purchased Memberships advertised and sold by Defendants, as described herein.

65.     Defendants are merchants with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that Plaintiff and other members would only be charged membership fees if the parks were open.

66.     However, Defendants breached that implied warranty in that they continue to charge members monthly fees despite barring entry to all parks and waterparks.

67.     As an actual and proximate result of Defendants' conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendants to be merchantable in that it did not conform to promises and affirmations made along with the Memberships, nor are the Memberships fit for their ordinary purpose, i.e. permitting access to the parks.

68.     Plaintiff and Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the monthly fees they are charged for their Memberships.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SIXTH CAUSE OF ACTION

### Negligent Misrepresentation

69.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

70.     Defendants had a duty to disclose to Plaintiff and Class Members correct information as to the quality and characteristics of the Memberships because Defendants were in a superior position than Plaintiff and Class Members such that reliance by Plaintiff and Class Members were justified. Defendants possessed the skills and expertise to know the type of information that would influence a customer's purchasing decision.

71.     During the applicable Class period, Defendants negligently or carelessly misrepresented, omitted, and concealed from consumers material facts regarding the quality and characteristics of the Memberships, including the fact that the Six Flags branded theme parks would be closed.

72.     Defendants made such false and misleading statements and omissions with the intent to induce Plaintiff and Class Members to purchase the Memberships.

73.     Defendants were careless in ascertaining the truth of their representations in that they knew or should have known that Plaintiff and Class Members would not realize the alleged benefits represented by Defendants.

74.     Plaintiff and the Class Members were unaware of the falsity in Defendants' misrepresentations and omissions and, as a result, justifiably relied on them when making the decision to purchase the Memberships.

75.     Plaintiff and the Class Members would not have purchased the Memberships or would not have purchased them on the same terms if the true facts had been known.

## SEVENTH CAUSE OF ACTION

### Unjust Enrichment

76.     Plaintiff realleges and incorporates the allegations elsewhere in the

Complaint as if set forth in full herein.

77.     Plaintiff and Class Members benefitted Defendants by paying monthly membership fees to Defendants despite not receiving access to any of Defendants' parks or waterparks.

78.     Defendants have knowledge of such benefits, as Defendants automatically withdrew monthly memberships fees from Monthly Membership and Season Pass holders' accounts.

79.     Defendants have been unjustly enriched in retaining the monthly fees derived from Plaintiff and Class Members' accounts. Retention of those monies under the circumstances in unjust and inequitable because Defendants charge their members a monthly membership fee for memberships that cannot provide the advertised benefits, i.e. permit access to Six Flags branded theme parks and Hurricane Harbor waterparks.

80.     Plaintiff and the Class Members would not have purchased the Memberships or would not have purchased them on the same terms if the true facts had been known.

81.     Because Defendants' retention of non-gratuitous benefits conferred on them by Plaintiff and the Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class Members for their unjust enrichment, as ordered by the Court.

## EIGHTH CAUSE OF ACTION
### Conversion

82.     Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

83.     Plaintiff and Class Members had a right to retain their monthly membership fees while the parks and waterparks were closed.

84.     Defendants intentionally charged Plaintiff and Class Members the full amount of their monthly membership fees even though all parks and waterparks were

1    inaccessible.

2        85.    Plaintiff and Class Members did not consent to Defendants' charging

3    of membership fees while the parks and waterparks were closed.

4        86.    Plaintiff and Class Members were harmed through Defendants' practice

5    of charging Plaintiff's and Class Members' cards for Memberships that were

6    unusable.

7        87.    Defendants' conduct was a substantial factor in causing Plaintiff's and

8    Class Members' harm.

9                              **NINTH CAUSE OF ACTION**

10                                 **Breach of Contract**

11       88.    Plaintiff realleges and incorporates the allegations elsewhere in the

12   Complaint as if set forth in full herein.

13       89.    Defendants entered into contracts with Plaintiff and Class members to

14   provide access to Six Flags branded theme parks and Hurricane Harbor waterparks

15   in exchange for the payment of monthly membership fees.

16       90.    Defendants are in breach of contract because they continue to charge

17   Plaintiff and Class Members monthly membership fees even though Defendants will

18   no longer provide access to Six Flags branded theme parks and Hurricane Harbor

19   waterparks.

20       91.    Plaintiff and Class Members have suffered an injury in fact through the

21   payment of fees for Memberships that are unusable.

22                          **VI.    PRAYER FOR RELIEF**

23       92.    Wherefore, Plaintiff, on behalf of herself, all others similarly situated,

24   and the general public, prays for judgment against Defendants as to each and every

25   cause of action, including:

26       a.     An order certifying this action as a class action pursuant to Federal

27              Rules of Civil Procedure 23(b)(1), 23(b)(2), and/or 23(b)(3);

28       b.     An order maintaining this action as a class action and/or an order

1            maintaining a particular issue class action pursuant to Federal Rule of

2            Civil Procedure 23(c)(4);

3    c.      An order requiring Defendants to bear the costs of class notice;

4    d.      An order appointing Plaintiff Sophia McConnell as the class

5            representative and the Law Offices of Ronald A. Marron as Class

6            Counsel;

7    e.      An Order awarding disgorgement of Defendants' profits that were

8            obtained from their ill-gotten gains in connection with its charging of

9            membership fees to Plaintiff and Class Members;

10    f.      An Order awarding restitution in the amount of the monthly fees paid

11            by Class Members for the Memberships;

12    g.      An award for punitive damages;

13    h.      An award awarding attorneys' fees and costs; and

14    i.      An Order providing for all other such further relief as may be just and

15            proper.

16 **<u>JURY DEMAND</u>**

17 Plaintiff hereby demands a trial by jury on all issues so triable.

18

19 Dated: April 21, 2020                 Respectfully Submitted,

20

21

22                           /s/ *Ronald A. Marron*

23                           Ronald A. Marron

                             **LAW OFFICES OF RONALD A.**

24                           **MARRON**

25                           RONALD A. MARRON

                             *ron@consumersadvocates.com*

26                           MICHAEL T. HOUCHIN

                             *mike@consumersadvocates.com*

27                           LILACH HALPERIN

28                           *lilach@consumersadvocates.com*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665
***Counsel for Plaintiff and the Proposed
Class***